UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TROY L. FRAZIER

    Petitioner

                                                                   CRIMINAL ACTION

VERSUS

                                                                   NO. 09-29-JJB-RLB

UNITED STATES OF AMERICA

    Respondent

## RULING

This matter is before the Court on a Motion for Rule 60(b) Relief (Doc. 77) brought by the petitioner, Troy L. Frazier ("Frazier"). The respondent, the United States of America ("the Government"), filed an opposition (Doc. 83). Oral argument is unnecessary. For the reasons stated herein, the petitioner's Motion for Rule 60(b) Relief (Doc. 77) is **DENIED**.

**I.    BACKGROUND**

On March 12, 2009, Frazier was charged with one count of possession with intent to distribute fifty grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). Frazier was convicted and sentenced to the mandatory minimum of 120 months' imprisonment. His sentence was affirmed on direct appeal. *United States v. Frazier*, 428 F. App'x 479 (5th Cir. 2011). Frazier then filed a petition for writ of habeas corpus in federal court, arguing ineffective assistance of counsel. *Pet'r's Supp. Mem.* 9, Doc. 48-1. This Court denied his petition. *Ruling*, Doc. 71 (rejecting Frazier's argument that trial counsel's failure to seek a continuance amounted to ineffective assistance of counsel). Now, Frazier brings the instant Motion for Rule 60(b) Relief (Doc. 77), seeking relief from this Court's judgment dismissing his

1

28 U.S.C. § 2255 Motion to Vacate. Frazier did not obtain permission from the Fifth Circuit before filing the instant motion.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for various equitable reasons. Relevant to the instant case, however, the Fifth Circuit treats "a Rule 60(b) motion in habeas corpus proceedings as a successive petition under § 2255." *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998). Under §§ 2255(h) and 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals prior to filing a second or successive habeas petition in a district court. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (stating that § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one")). A Motion for Rule 60(b) relief is a successive petition "when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In the instant case, Frazier's Motion for Rule 60(b) Relief is a successive petition because it raises a claim in the motion that was raised in an earlier petition. In his original petition (Doc. 48), Frazier argued that he suffered ineffective assistance of counsel because his attorney failed to move for a continuance so that Frazier's sentencing would fall on a date after the Fair Sentencing Act was signed into law. *Pet'r's Supp. Mem* 9–10, Doc. 48-1. In his Motion for Rule 60(b) Relief, Frazier argues that new case law[1] supports his argument that he suffered ineffective assistance of

---

[1] In his Motion for Rule 60(b) Relief (Doc. 77), Frazier relies on a recent decision by the D.C. Circuit Court of Appeals, *United States v. Abney*, 812 F.3d 1079, 1094–95 (D.C. Cir. 2016). In *Abney*, the D.C. Circuit held that the petitioner

2

counsel when his attorney failed to move for a continuance. *See Pet'r's Supp. Mem.* 2–3, Doc. 77. Although Frazier brings forth new case law that supports his original argument, his claim for ineffective assistance of counsel has remained unchanged from his original petition for writ of habeas corpus. Because the instant motion is based on the same argument brought in his initial petition, this motion is a successive petition. *See Adams*, 679 F.3d at 322. Frazier failed to obtain a certificate of appealability from the Court of Appeals prior to bringing this successive petition, and therefore the Court lacks jurisdiction to consider the merits of the application. *See* § 2254(h); § 2244(b)(3)(A); *Crone*, 324 F.3d at 836.

### III.  CONCLUSION

For the reasons stated above, the petitioner's Motion for Rule 60(b) Relief (Doc. 77) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 6, 2016.

    _____
    **JUDGE JAMES J. BRADY**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**

---

suffered ineffective assistance of counsel because his attorney did not file a motion for continuance to move his sentencing until after the Fair Sentencing Act was passed. *Id.* at 1102.